# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | | |
|---|---|---|
| COMBAT ZONE CORP. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 1:12-cv-00202 |
| | § | |
| JOHN/JANE DOES 1-4 | § | JURY TRIAL REQUESTED |
| | § | |
| *Defendants*. | § | |

## MOTION FOR EXPEDITED DISCOVERY

COMES NOW, Plaintiff, COMBAT ZONE CORP. (hereinafter "Combat Zone" or the "Plaintiff"), and files this Motion for Expedited Discovery (the "Motion"). Plaintiff seeks leave of this Court to discover the identities of Defendants John/Jane Does 1-4, who are essential to prosecuting the Complaint filed by Plaintiff in this case. (Doc. # 1). Thus, Plaintiff seeks a Court order allowing it to propound discovery in the form of subpoenas on BellSouth Telecommunications, Inc., Cable One, Inc., Distributed Management Information Systems, Inc. d/b/a Pavlov Media, and MetroCast Cablevision (collectively, the "ISPs") for the limited purpose of obtaining information regarding the identity of subscribers for the internet protocol addresses used at the times specified in Exhibit 1 which were used to distribute Plaintiff's copyrighted work using the BitTorrent protocol. Exhibit 1 is attached hereto and made a part hereof for all purposes. Additionally, Plaintiff requests permission to propound limited discovery in the form of interrogatories, admissions and depositions on any individual identified by such ISPs in order to determine whether or not the actual Internet subscriber is the proper Defendant in this action.

## I. FACTUAL BACKGROUND

1. Plaintiff produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, and photographs, etc. Plaintiff is the registered owner of the copyright to all such material.

2. John/Jane Does 1-4 ("Does" or "Defendants") are, upon information and belief, individuals whose true names and addresses are unknown to Plaintiff. These Defendants duplicated and distributed unauthorized and infringing copies of Plaintiff's motion picture "Horny Black Babysitters #3." Plaintiff has obtained the IP addresses assigned to the individual subscribers believed to be the proper Defendants. However, Plaintiff can only further identify the infringers by way of further investigation and discovery. As such, Plaintiff intends to subpoena the ISPs in order to determine the identity of the Internet subscriber who is assigned the corresponding IP address on the date and time of infringement.

3. The information which Plaintiff will be requesting in the subpoenas issued to the ISPs is governed by 47 U.S.C. § 551, which prohibits cable operators (or other wire or radio communication service) from disclosing personally identifiable information pertaining to subscribers without the subscriber's express consent unless there is "a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).

4. Accordingly, the Plaintiff requests that the Court issue the requisite Order instructing the ISPs to produce any and all documents and/or information sufficient to identify the user, users or owners of the respective IP addresses as listed in Exhibit 1 during the corresponding dates and times. Additionally, Plaintiff requests permission to conduct early discovery on each user or owner identified by these ISPs in order to determine (without further

motions) whether the actual subscriber performed the acts complained of, or whether it was some other individual with access to the subscriber's Internet connection.

## II.     ARGUMENT AND AUTHORITY

*A. The Federal Rules of Civil Procedure Allow Early Discovery in This Case.*

5. Federal Rules allow for discovery prior to a Rule 26 conference upon a showing of good cause. *See Semitool, Inc. v. Tokyo Electronic America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). A copy of the proposed subpoena is attached hereto and made a part hereof for all purposes as Exhibit 2. The basis for the issuance of subpoenas to the ISPs is set forth in this Motion and in Plaintiff's Complaint (Doc. #1), a copy of which will be attached to each subpoena. Courts routinely allow discovery to identify "Doe" defendants. *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (finding that where a "party is ignorant of defendants' true identity…plaintiff should have been permitted to obtain their identity through limited discovery"). More specifically, courts have recognized that, "[s]ervice of process can pose a special dilemma for plaintiffs in cases like this in which the tortious activity occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Accordingly, courts have developed the following factors to consider when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Id*. at 578-80. Each of these factors resolves in favor of granting Plaintiff's requested relief.

6. First, Plaintiff has sufficiently identified individuals who are real persons Plaintiff could sue in Federal Court. Plaintiff observed and documented infringement of its registered works by the individuals identified as Does in the Complaint. The requested discovery is necessary for Plaintiff to determine the true name and address of the individuals who performed the infringing acts.

7. Second, there are no other practical measures Plaintiff could take to identify the Doe Defendants. Plaintiff is aware of no available information that would identify the infringing users other than information maintained by their Internet Service Providers. Due to the nature of online transactions, Plaintiff has no way of determining Defendants' identities except through a third-party subpoena.

8. Third, Plaintiff has asserted prima facie claims for copyright infringement and contributory copyright infringement in its Complaint that can withstand a motion to dismiss. Specifically, Plaintiff has alleged that (i) it owns and has registered the copyright in the work at issue and (ii) the Defendants made unauthorized reproductions of those works and distributed them without Plaintiff's authorization. These allegations state a claim for copyright infringement. *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296, 113 L. Ed. 2d 358 (1991); *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003), *cert. denied*, 540 U.S. 1107 (2004) (finding that internet users "like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright"). Similarly, the Defendants knew of their infringement, and were conscious of their uploading of Plaintiff's copyrighted work, and substantially participated in others' infringement of the Plaintiff's copyrighted work, which would have been impossible without each Defendant's uploading and sharing of the file.

9. When outlining the above factors, the court in *Columbia* noted that in cases where injured parties are likely to find themselves chasing unidentified tortfeasors from ISP to ISP, the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with a forum in which they may seek redress for grievances. *Columbia*, 185 F.R.D. at 579. An analysis of the factors clearly demonstrates Plaintiff's legitimate interest in identifying the name and address of the individuals who infringed upon its copyrighted works.

### B. Plaintiff's Specific Requests for Identifying Information About the Subscribers Will Make Identification and Service of the Defendants Possible.

10. In addition to the three factors discussed above, courts have indicated that a plaintiff requesting early discovery to identify defendants should justify specific requests and explain how such requests "will lead to identifying information about defendant that would make service of process possible." *See Columbia* 185 F.R.D. at 580; *see also Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir. 1980).

11. The infringement and other wrongful acts at issue in this action occurred online. In order execute the illegal acts complained of, a user must connect to the Internet. Individuals gain access to the Internet through an ISP. When an ISP provides Internet access to a subscriber, it does so through a modem located at the subscriber's home or office. Each time the subscriber accesses the Internet, the ISP provides a unique number to the subscriber called an Internet protocol (IP) address. This is somewhat akin to a telephone number. The IP address for a subscriber may stay the same (a static IP address) or it may change from time to time (a dynamic IP address). ISPs generally record the times and dates it assigns each IP address to a subscriber.

12. Online technology used to engage in unlawful online theft relies on the ability to identify the computers to and from which users search and exchange files. The technology

identifies those computers through the IP address from which the computer connects to the Internet. In this manner, Plaintiff identified the IP addresses from which individuals connected to the Internet for the purpose of unlawfully accessing Plaintiff's works, making electronic copies thereof, and further distributing these works. Plaintiff recorded the exact date and time individuals used various IP addresses to access the Internet to make, illegally download, copy, and redistribute the Plaintiff's copyrighted work.

13. Anyone can perform a simple search on public databases to determine which Internet access provider controls a specific IP address. Plaintiff now seeks to subpoena the above listed ISPs to determine the name and address of the subscribers to whom they assigned the various IP addresses recorded.

## C. The Cable Privacy Act.

14. Plaintiff requests that the Court issue an order allowing Plaintiff to serve subpoenas on the relevant ISPs requesting specific subscriber information necessary to identify the Does.

15. Since 47 U.S.C. § 551 (The Cable Privacy Act) prohibits cable operators from disclosing personally identifiable information concerning subscribers without the prior written or electronic consent of the subscriber or a court order, and since some Internet service providers, including those listed above in this motion, are also cable operators, Plaintiff requests that the Court order state clearly that the Court contemplated the Cable Privacy Act and that the order specifically complies with the Act's requirements. See, 47 U.S.C. § 551.

16. Additionally, the Internet subscriber is not always the proper defendant in actions such as this. Plaintiff, therefore, seeks to depose and/or issue interrogatories and/or admissions to the Internet subscriber and/or user identified by the ISPs in order to determine whether each is

the proper Defendant in this action. In the interest of judicial economy, Plaintiff requests pre-authorization to conduct this supplemental discovery.

### III. CONCLUSION AND PRAYER

17. Plaintiff respectfully requests that the Court issue the requisite Order authorizing Plaintiff to serve subpoenas instructing the ISPs to produce any and all documents and/or information sufficient to identify the user or users of the above referenced IP addresses during the corresponding dates and times as shown in Exhibit 1 hereto. Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information Plaintiff cannot pursue its lawsuit to protect its copyrighted works. Such discovery should be conditioned on (i) the ISPs having fifteen (15) calendar days after service of the subpoenas to notify each subscriber that his/her identity is sought by Plaintiff, and (ii) each subscriber whose identity is sought having thirty (30) calendar days from the date of such notice to file any papers contesting the subpoena.

18. Plaintiff additionally requests an Order allowing Plaintiff to engage in limited discovery by issuing interrogatories, admissions and/or deposing the individuals identified by the ISPs in order to determine whether or not the Internet subscriber is the proper Defendant in this action.

Dated: September 17, 2012          Respectfully submitted,

**CHALKER FLORES, LLP**

By: */s/ Thomas G. Jacks*
    Thomas G. Jacks
    Mississippi Bar No. 102100
    14951 N. Dallas Parkway, Suite 400
    Dallas, Texas 75254
    (214) 866-0001
    (214) 866-0010 (Fax)
    tjacks@chalkerflores.com

**ATTORNEYS FOR PLAINTIFF**

**DECLARATION**

   I declare, under penalty of perjury, that the purpose for which the subpoenas identified and requested herein are sought is to obtain the identity of alleged infringers and that such information will only be used for the purpose of protecting rights under 17 U.S.C. § 500, et. seq.

*/s/ Thomas G. Jacks*
Thomas G. Jacks